# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LUKIS J. CRUZ,

        Plaintiff,

v.                                                                                                              No. 18cv204 WJ/KK

STATE OF NEW MEXICO,
SUSANA MARTINEZ,
TAOS COUNTY, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed March 2, 2018 ("Complaint"), on his Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 2, 2018 ("Application"), and on his Motion for Notice of Judgement [sic] for the Plaintiff, Doc. 4, filed March 28, 2018. For the reasons stated below, the Court **GRANTS** Plaintiff's Application, **DISMISSES** the Complaint, and **DENIES** the Motion for Notice of Judgment. Plaintiff may, within 21 days of entry of this Order, file an amended complaint for those claims that have been dismissed without prejudice. Failure to timely file an amended complaint may result in dismissal of this case.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

When a district court receives an application for leave to proceed in forma pauperis,

> it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). ). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income from food stamps during the past 12 months was $192.00; (ii) Plaintiff is currently unemployed; (iii) Plaintiff has no cash and no money in bank accounts; and (iv) Plaintiff's only asset is a 1994 vehicle valued at "not much" and has a mechanic's lien on it. The Court finds Plaintiff is unable to pay the costs of these proceedings because he is unemployed, and because of his low monthly income.

**Claims Against State of New Mexico, Susana Martinez, and the State Court**

It is difficult to identify the claims Plaintiff is making against the Defendants because most of the allegations in the Complaint are vague and conclusory. It appears that Plaintiff is asserting a claim against the State of New Mexico, Governor Martinez, and the State Court for violations of

his civil rights. *See* Complaint at 3-5 (indicating that the State "covered up" crimes committed against him by others, alluding to due process violations, stating he sought relief from Governor Martinez). "With certain limited exceptions, the Eleventh Amendment [to the United States Constitution] prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181. Neither exception applies in this case. "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)); *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006) ("It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits."). Second, Plaintiff does not allege in his complaint that the State of New Mexico waived its Eleventh Amendment immunity in this case.

It also appears that Plaintiff seeks to have this Court review the State Court's judgment because Plaintiff requests "that my record be cleared." Complaint at 5. The United States Supreme Court has held that Federal District Courts do not have jurisdiction to review state court judgments. *See Lance v. Dennis*, 546 U.S. 459, 460 (2006) ("The *Rooker–Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings

3

commenced'").

Therefore, the Court dismisses the claims against the State of New Mexico, Susana Martinez, and the State Court without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

It appears Plaintiff may also be asserting a civil rights claim against the State Court Judge. *See* Complaint at 2 (stating "Jeff McElroy interfered with the [marriage] contract;" Jeff McElroy is the Chief Judge for the New Mexico Eighth District Court). Because Plaintiff is proceeding *in forma pauperis* he is subject to the requirements of 28 U.S.C. § 1915. Under § 1915(e)(2)(B)(iii), district courts must dismiss an IFP complaint if it "seeks monetary relief against a defendant who is immune from such relief." "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"). The Court dismisses Plaintiff's claims against the State Court Judge with prejudice because the State Court Judge is immune from monetary damages claims for actions taken in his judicial capacity.

**Claims Against "Private Parties"**

The caption of the Complaint names "Liable Private Parties Under this Title" as Defendants. While the allegations in the Complaint mention some persons by name and others by title, it is not clear which of those persons Plaintiff is asserting claims against, because the allegations are vague and conclusory. *See* Complaint at 2-5 (mentioning "my spouse," "my ex-wife," "my young son," "my own father," "my grandparents," "numerous church leadership," "Audrey Morey," "persons acting as government," "Julie Anne Velarde," "police," "Sheriff Department," and "Erminio Martinez"). Some of the "Private Parties" may be state actors.

The Court dismisses the claims against the "Private Parties" without prejudice for failure to state a claim on which relief may be granted. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff fails to state with any particularity what each Defendant did to Plaintiff, when the Defendants committed these alleged unspecified actions, or how those actions harmed Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

**Dismissal of the Complaint**

The Court, having dismissed all of the federal law claims, declines to exercise supplemental jurisdiction on any state law claims Plaintiff is asserting. *See*

28 U.S.C. § 1367(c)(3) ("district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . .the district court has dismissed all claims over which it has original jurisdiction"). Having dismissed all of Plaintiff's federal law claims and declining to exercise supplemental jurisdiction over Plaintiff's state law claims, the Court dismisses the Complaint. Plaintiff may, within 21 days of entry of this Order, file an amended complaint for those claims that have been dismissed without prejudice; however, if Plaintiff simply refiles claims over which the court has no subject matter jurisdiction or asserts claims against parties who are immune from suit, the Court will again dismiss those claims. Additionally, failure to timely file an amended complaint will result in dismissal of this case.

The Court denies Plaintiff's Motion for Notice of Judgment, which seeks a judgment in favor of Plaintiff based on Defendants' failure to answer the Complaint, as moot.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 2, 2018, is **GRANTED.**

(ii) Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed March 2, 2018, is **DISMISSED.** Plaintiff may, within 21 days of entry of this Order, file an amended complaint for those claims that have been dismissed without prejudice.

(iii) Plaintiff's Motion for Notice of Judgement [sic] for the Plaintiff, Doc. 4, filed March 28, 2018, is **DENIED.**

**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**