# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LUKIS J. CRUZ,

        Plaintiff,

v.                                                                                                                     No. 1:18-cv-00204-WJ-KK

STATE OF NEW MEXICO,
SUSANA MARTINEZ,
TAOS COUNTY, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR RESTITUTION AND
## TO SHOW CAUSE

**THIS MATTER** comes before the Court on Plaintiff's Motion for Restitution, Doc. 25, filed March 24, 2020.

Plaintiff asserted claims against the State of New Mexico for violations of his civil rights. *See* Amended Complaint, Doc. 7, filed April 23, 2018. The Court dismissed Plaintiff's federal-law claims for lack of jurisdiction and declined to exercise jurisdiction over Plaintiff's state-law claims. *See* Mem. Op. and Order, Doc. 9, filed May 8, 2018. The Court entered its Final Judgment on May 8, 2018. *See* Doc. 10. Plaintiff did not appeal.

On March 24, 2020, Plaintiff filed a letter stating:

> Crime is governing me into poverty. I need restitution and payment for every bit of of time each of my cases takes between the point they knew there was an issue and mature compliance w/ myself. Crime likely convinces itself that it is better than myself but w/o hearing, face, honesty, false virus for the purpose of obtaining U.S. funding or other funding for a false emergency (Probable cause statement). I was once charged a high rate of interest on a debt which turned out to be crime also on the part of the person who made the judgement, likewise in this.

Motion for Restitution at 1-2.

The Court denies the Motion for Restitution because this case has been dismissed.

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See* id.

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Litigant's Abusive History**

Plaintiff, who is *pro se*, has filed four actions in the District of New Mexico, all of which were dismissed in 2018. *See Cruz v. New Mexico*, 1:18-cv-00204-WJ-KK; *Cruz v. Verizon*, 1:18-cv-00378-RB-KK; *Cruz v. Morey*, 1:18-cv-00655-KG-CG; *Cruz v. Colfax County Sheriff's Dept.*, 1:18-cv-00687-JCH-KK. Despite the cases having been dismissed, Plaintiff has continued to file documents in the cases in 2018, 2019 and 2020.

The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such cases.

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff.

Plaintiff will be enjoined from making further filings in this case, in *Cruz v. Verizon*, 1:18-cv-00378-RB-KK, in *Cruz v. Morey*, 1:18-cv-00655-KG-CG, and in *Cruz v. Colfax County Sheriff's Dept.*, 1:18-cv-00687-JCH-KK, except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to return without filing any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless:

1. a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing; or

2. the Plaintiff has obtained permission to proceed *pro se* in this action in accordance with the procedures for new pleadings set forth below.

Plaintiff also will be enjoined from initiating further litigation in this Court, and the Clerk will be directed to return without filing any initial pleading that he submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*.  *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994). To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties.  The affidavit must certify that, to the best of Plaintiff's knowledge, his claims are not frivolous or made in bad faith; that they are

warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that he will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or the defendants have previously been sued, the affidavit must certify that the proposed new suit does not present the same claims that this or other court has decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 5 in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**Opportunity to Be Heard**

Plaintiff is ordered to show cause within fourteen (14) days from the date of this order why this court should not enter the proposed filing restrictions. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. Absent a timely response to this Order

4

to Show Cause, the proposed filing restrictions will enter fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff does file a timely response, the proposed filing restrictions will not enter unless the Court so orders, after it has considered the response and ruled on Plaintiff's objections.

**IT IS ORDERED** that:

(i) Plaintiff's Motion for Restitution, Doc. 25, filed March 24, 2020, is **DENIED.**

(ii) Within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**